\
**THAYER v. BRAINERD.**
**No. 380.**

Municipal Court of Appeals for the District of Columbia.

Argued June 11, 1946.

Decided June 28, 1946.

Rehearing Denied July 11, 1946.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

Herman Miller, of Washington, D. C., for appellant.

Ralph A. Cusick, of Washington, D. C., for appellee.

HOOD, Associate Judge.

Leroy H. Thayer, the appellant, leased from Erwin C. Brainerd, for a term of approximately five years, the third and fourth floors and the front part of the second floor of premises known as 1215 Connecticut Avenue for use as a dance studio. The term of the lease expired September 30, 1940, but gave Thayer an option to renew for a period of five years.

On April 30, 1940, Brainerd in writing authorized Thayer to install an air-cooling system in the leased quarters at his own expense. On July 6, 1940, by written agreement Brainerd granted permission to Thayer to use certain space on the second floor described as "enclosed in glass," and not included in Thayer's lease, for the purpose of installing therein a unit of the cooling system, free of any additional rent, such permission being given for the duration of Thayer's lease and any extension of it. This same writing also provided that if the J. & J. Slater Company, which then had a lease of the main floor of the building and the rear portion of the second floor, should vacate the premises that Thayer should "take possession automatically" of the rear portion of the second floor and pay Brainerd an additional $25 per month for the duration of, and subject to the covenants of, Thayer's lease. It appeared that previously Thayer had sublet the rear portion of the second floor from Slater Company at $25 per month. From the record it also appears that when the cooling system was installed Thayer obtained permission to use free of charge a small room to the rear of the glass-enclosed space for the purpose of installing a part of the equipment, and that this permission was given orally.

On July 19, 1940, Thayer exercised his option to renew his lease, thereby extending it to September 30, 1945. Prior to the latter date Brainerd notified Thayer that the premises had been leased to another tenant and that he should vacate at the expiration of his term. Thayer did not vacate and the present action was instituted

by Brainerd for possession of the second, third and fourth floors.

From a judgment in Brainerd's favor, Thayer has appealed. He raises the single point that he was not given a thirty day notice to quit prior to institution of suit. He concedes that he was not entitled to notice with respect to the portion of the building held under the original lease, since section 45—901 of the Code expressly provides that when property is leased for a certain term no notice to quit is necessary upon the expiration of the term; but he argues that he held the small room to the rear of the glass-enclosed room as a tenant by sufferance, and that after Slater vacated he also held the rear portion of the second floor as a tenant by sufferance.[1] If he was a tenant by sufferance as to these portions, he was entitled to a thirty day notice to quit by virtue of section 45—904 of the Code.

We are of the opinion that no tenancy by sufferance existed. It is clear from the supplemental agreement of July 6, 1940, and the statement of proceedings and evidence that after obtaining the landlord's permission to install an air-cooling system for the leased premises, the tenant was given "permission to use" certain space not covered by the lease for the purpose of installing parts of the air-cooling machinery. No intention to give the tenant an estate in this space can be gathered from such language. No words of grant were used and no exclusive possession conveyed. We think the tenant's use of this space was by virtue of a mere permissive license from the landlord, not by virtue of any grant or estate. It was a privilege incidental to the lease. No consideration was given for the privilege, and, while a reservation of rent is not essential to a lease, absence of consideration is more indicative of a license than a lease.

We think the record plainly discloses that the tenant received a license to use this space for his convenience in the occupancy of the leased portion and that it is equally plain that the license under no circumstances was to extend beyond the duration of the lease. The license was dependent on the lease and when the lease expired the license expired with it. Appellant was entitled to no notice to quit either the leased or licensed space.

With respect to the rear portion of the second floor, appellant obtained possession of it as a subtenant of Slater. By the supplemental agreement of July 6, 1940, it was agreed that if Slater vacated appellant should "automatically" take possession of it and pay rent therefor to Brainerd, and that such holding would be subject to all covenants of appellant's original lease. Appellant asserts that, since his original lease expired prior to Slater's vacating, the provisions of the supplemental agreement with respect to the rear of the second floor never became operative. From this he argues that when Slater vacated, he (appellant) held that portion of the second floor as a tenant by sufferance. Assuming the correctness of appellant's first contention, the conclusion drawn from it is erroneous. If the supplemental agreement with respect to the rear of the second floor never went into effect, appellant's holding was strictly as subtenant of Slater. When Slater's lease expired, Slater was entitled to no notice to quit and neither was the appellant, his subtenant. A subtenant has no greater rights than the principal tenant. And by remaining in possession after Slater vacated, appellant did not become a tenant by sufferance since Brainerd never recognized him as tenant by accepting rent from him for that portion of the premises.

Our conclusion is that appellant was entitled to no notice to quit and the trial court was correct in entering judgment for possession against him.

Affirmed.

[1] Slater's lease expired November 30, 1944, but he did not vacate until October 26, 1945, after extended litigation. See J. & J. Slater, Inc. v. Brainerd, D.C.Mun. App., 43 A.2d 714.