GORDON v. TINO et al.

No. 454.

Municipal Court of Appeals for the District of Columbia.

Dec. 27, 1946.

Ben Lindas, of Washington, D. C. (Joseph H. Schneider, of Washington, D. C., on the brief), for appellant.

Harold F. Hawken, of Washington D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiffs, as landlords, sued defendant for possession of a house on the ground that they had purchased the property and desired it in good faith for their immediate and personal use and occupancy as a dwelling.[1] Defendant moved to dismiss principally upon the grounds that he had not been served with a proper 30 days' notice and had not been properly served with process. This motion was overruled by the trial court, and the case proceeded to trial before a jury. The jury returned a verdict for plaintiffs, and defendant appeals from the judgment on the verdict.

The points raised by the appeal require only brief discussion. It is urged, first, that in the complaint defendant was described as a "tenant at sufferance", whereas the rental agreement, introduced in evidence, showed he was a tenant by the month. The same point was raised in Bell v. Westbrook, D.C.Mun.App., 50 A.2d 264, and decided by us December 12, 1946, adversely to the position of appellant. It is next urged that by the notice to quit, which was served on or about May 14, 1946, defendant was notified to vacate the premises "on or before July 1, 1946." Conceding that the notice was served approximately 45 days before July 1 and that the first of the month was the day from which the tenancy commenced to run,[2] appellant urges, nevertheless, that the use of the term "on or before July 1, 1946" rendered the notice invalid. Since the notice did not require the tenant to quit before July 1, the point is entirely without merit.

It is next urged that the marshal, without using diligent effort to obtain personal service upon appellant, posted the summons on the door. But so far as the record discloses the service was made in

[1] Code 1940, 45—1605 (b) (2).  [2] Code 1940, 45—902.

strict compliance with the statute.[3] Defendant's counsel in his brief recites evidence purportedly given at the trial having some bearing on this point, but such evidence is not contained in the statement of proceedings and evidence, which was approved not only by the trial judge but by defendant's counsel himself. It is elementary that we may only consider recitals of evidence contained in the approved statement. We note, however, that even if the evidence recited in defendant's brief is considered it does not support his position. It is urged finally that the verdict is not supported by the evidence and that the trial court erred in failing to direct a verdict for defendant. Nothing in the record supports defendant's position. There was a sharp conflict in the evidence on the critical issue of whether plaintiffs desired the premises in good faith as a dwelling. This presented a jury question, which was resolved by the verdict.

Affirmed.