**MILLER et al. v. UNITED STATES.**

Nos. 974–980.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 27, 1950.

Decided Dec. 13, 1950.

. Herman Miller, Washington, D. C., for appellants.

Stafford R. Grady, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. and Joseph M. Howard and L. Clark Ewing, Asst. U. S. Atty., Washington, D. C., on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The seven appellants are here resisting a judgment requiring them to vacate houses in Bellevue, a low rent housing project owned by the United States of America. The judgment was entered in a test case which by stipulation was to govern the decision in these seven cases.

We note at the outset that the Supreme Court has held that the property here involved is not subject to the . District of Columbia Rent Act. United States v. Wit-

tek, 337 U.S. 346, 69 S.Ct. 1108, 93 L.Ed. 1406.

The first argument advanced in behalf of appellants is that the Navy Department, at whose instance the suits were brought, had no authority over the property. The record reveals that Bellevue was constructed by the Navy Department under a 1941 Defense Appropriation Act; that during World War II and afterwards the project was operated by the Navy Department and later on by other government agencies; that in 1948, upon official request of the Secretary of the Navy, jurisdiction over the project was again vested in the Navy Department. The evidence was that the Navy reacquired such jurisdiction in order to provide badly needed housing accommodations for enlisted personnel of the Navy and Marine Corps. After a study of the situation formal rules were adopted, restricting the right of occupancy to "married enlisted personnel of the Navy and Marine Corps on active duty within the Washington area." These appellants, not being eligible for occupancy under the new rules, were informed of the Navy's need of the premises and were given registered mail notice four months in advance to vacate on December 1, 1949. This was followed by a formal thirty-days' notice to quit served October 26, 1949, demanding that the tenants vacate "on or before December 1, 1949." This was the essence of the government's case. The defense offered no evidence but stood on a motion for directed verdict, which was denied, and judgment was entered against them.

■ We are asked to rule that the suit should have been dismissed because the Navy Department had not legally or regularly reacquired its jurisdiction over Bellevue. In the first place, the contention is without substance in fact because Congress in 1948, by an amendment to the Lanham Act and expressly referring to the original statute authorizing the construction of Bellevue, said that such housing "shall be deemed to be housing constructed or acquired under this Act."[1] Even if that had not been done, we cannot understand how a tenant could question the right of the Federal Government to reacquire its own property, irrespective of which department or agency might have been charged with the responsibility of managing it.[2]

■ Next we consider the attack on the validity of the notice to quit. The rental agreement provides that, "Rental is * * payable in advance before 1 P. M. each day between the 1st and 10th of each and every month at the Management Office." From this appellants argue that the notice to quit should not have been made to expire until December 10th. We reject the contention as completely unsound. There can be no dispute that these are tenancies "from month to month" which, under our statute,[3] are terminable by a written thirty days' notice to expire "on the day of the month from which such tenancy commenced to run." It is plain that these tenancies commenced to run on the first day of the month, and this is not altered by the fact that the tenants were given a ten days' grace period each month to pay their rent. Appellants rely on Zoby v. Kosmadakes, D.C.Mun.App., 61 A.2d 618, 620. Our decision in that case does not in any way support their position. There it was held that there are three definite requirements for a valid notice to quit: "(1) Thirty full days' notice; (2) counted by excluding the day of service and including the last day; and (3) expiration of the notice on the day from which the tenancy began to run." The notices in this case unmistakably met those tests. They gave more than thirty full days' notice by any method of computation and they expired on the day of the month from which the tenancy commenced to run.[4]

---

1. 62 Stat. 1064, 42 U.S.C.A. § 1524, Sec. 3, Pub.L. No. 796, 80th Cong., approved June 28, 1948.

2. See United States v. Summerlin, 310 U. S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, and Insurance Co. of North America v. United States, 4 Cir., 159 F.2d 699.

3. Code 1940, 45—902.

4. See also Gordon v. Tino, D.C.Mun.App., 50 A.2d 593.

Appellants say that they were not bound by the change in regulations which made them ineligible for continued occupancy of houses in the Bellevue project. But the record amply shows that they signed agreements acknowledging receipt of "Rules and Regulations of Bellevue," and agreed to "follow all rules and regulations that may * * * from time to time be prescribed by the Management."

Appellants also argue that there was a waiver of the notice by acceptance of rent. But there was no evidence in plaintiffs' case even vaguely supporting such a contention and, as we have seen, the tenants offered no evidence at all.

Affirmed.