**Paul MEADIS, Appellant,**

v.

**ATLANTIC CONSTRUCTION & SUPPLY CO., Appellee.**

**No. 3728.**

District of Columbia Court of Appeals.

Argued June 28, 1965.

Decided Aug. 2, 1965.

Rehearing Denied Sept. 10, 1965.

---

2. D.C.Code 1961, § 47–2339(c).

3. Webster's New International Dictionary, Second Edition, Unabridged; 47 Am.Jur. Secondhand Dealers § 2.

Anthony C. Vance, Washington, D. C., for appellant.

Robert Cadeaux, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Pursuant to 29 D.C.Code, 1961 § 907,[1] appellee, Atlantic Construction & Supply Co., a domestic corporation, had appointed a registered agent in the District of Columbia upon whom process or any notice or demand required by law might be served upon the corporation. This registered agent, who was also appellee's attorney, died on June 24, 1964, and no new agent was appointed until October 12, 1964. During this interim, appellant, Paul Meadis, filed suit in this jurisdiction against the corporation for breach of contract. Service was attempted upon the late agent through the United States Marshal's office and thereafter by delivering a copy of the complaint to the Superintendent of Corporations (29 D.C.Code, 1961 § 907(b)) who in turn mailed a copy to the office of the late agent. The suit papers and summons were

[1]. "Each corporation shall have and continuously maintain in the District of Columbia—
    *     *     *     *     *

(b) a registered agent, which agent may be * * * an individual resident in the District of Columbia whose business office is identical with such registered office * * *."

refused in the first instance and in the second returned to the Superintendent. At no time was notice of the attempted service or copies of the suit papers forwarded to appellee. On October 5, 1964, judgment by default was entered against appellee. Not until its bank notified appellee of the attachment of its account to satisfy the judgment did it learn of the suit and default. On March 17, 1965, appellee successfully moved to set aside the judgment and quash the attachment pursuant to GS-Rule 60(b) (6).[2] This appeal stems from the order vacating the default judgment.

■ Although neither party has raised the point, we must decide initially the appealability of the order before us. Review in this court, with certain exceptions not applicable here, is limited to final orders and judgments. 11 D.C.Code, 1961 § 772; Hankerson v. Tillman, D.C.Mun.App., 88 A.2d 191 (1952). By the great weight of authority, although an order *denying* an application to vacate a default judgment is final and appealable, an order vacating a default judgment is not final and therefore not appealable. Harco, Inc. v. Greenville Steel and Foundry Company, D.C.Mun. App., 112 A.2d 920 (1955). This is the federal rule. Weilbacher v. J. H. Winchester & Co., 197 F.2d 303, 305 (2d Cir. 1952). Even if we were to hold that the present case showed excusable neglect, the three months' limitation of the rule prevented granting relief on such ground under GS-Rule 60(b) (1).

As appellant also relied upon GS-Rule 60 (b) (6), we must consider whether his motion to set aside the default was timely made.[3] Pursuant to that subsection, the trial court may relieve a party from a judgment upon such terms as are just for "any other reason justifying relief from the operation of the judgment." Such motion must be made within a *reasonable* time, but no time limit is prescribed. We have ruled previously that this section cannot be used to nullify the definite time limit in GS-Rule 60(b) (1) and that its scope does not include those reasons set forth in GS-Rule 60(b) (1). To warrant relief under GS-Rule 60(b) (6), there must be some "other reason." Hantman v. Zeiger, D.C. Mun.App., 135 A.2d 650 (1957).

■ The recent trend, as reflected in decisions construing the comparable federal rule, is towards liberal construction of Rule 60(b). This court has always favored trials on the merits to assure full hearings on the factual issues. Therefore granting a motion to set aside a default judgment should not be disturbed on appeal unless there is an abuse of discretion. Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791, 793 (1949).

■ In the present case, appellee failed to receive any notice of a suit against it filed after the death of its registered agent and, in fact, was not aware of such action until after judgment by default had been entered and attachment of its bank account completed. There was no wilful or negligent disobedience of any process of the trial court. Appellee never had an opportunity for its day in court. Moreover, an adequate defense has been alleged which, if substantiated at trial, could defeat the principal claim. We conclude that GS-Rule 60(b) (6) was properly applied and that the trial court acted within its jurisdiction. The case should be permitted to go to trial on its merits.

Appeal dismissed.

2. Appellee concedes that since more than ninety days had passed from entry of judgment to filing of the motion to vacate, GS-Rule 60(b) (1) was not available and GS-Rule 60(b) (6) provides the only basis for relief.

3. Brenner v. Williams, D.C.App., 190 A.2d 263, 264 (1963).