**Kenneth BARR, Appellant,**

v.

**RHEA RADIN REAL ESTATE, INC.,**
**Appellee.**

**No. 4314.**

District of Columbia Court of Appeals.

Argued Dec. 2, 1968.

Decided April 3, 1969.

———◆———

Andrew P. Zimmer, Washington, D. C., for appellant.

Herman Miller, Washington, D. C, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

KELLY, Associate Judge.

This appeal is from the denial of appellant's motion to vacate a default judgment for possession entered against him in the Landlord and Tenant branch of the trial court.

In November, 1965, appellant, along with James and Joyce Hill, orally leased a carriage house located at the rear of 105 Sixth Street, N.E., for $35 per month. The rent was paid until May, 1966, when appellee became managing agent of the property. Appellant claims he was never formally notified of the change in management, but he nevertheless became aware of it and talked with appellee's agent several times by telephone about the rent and also about an alleged obligation under the original oral agreement to install locks on the carriage house, which was used only for storage. In October, 1966, appellee filed suit for possession, alleging arrears in the payment of rent from June 1, 1966 to November 1, 1966, totalling $175. The complaint also stated that service of notice to quit had been specifically waived in writing.

The complaint and summons were served by the deputy marshal on October 6, 1966 by posting on the door of the carriage house. The deputy marshal knocked on the door, then entered and determined that no one lived there. He went to the residence in front of the carriage house but found no one at home. When informed by a neighbor that no one resided in the carriage house, he posted the summons on the door. On the return date, October 19, 1966, appellant did not appear and a default judgment was entered against him. On October 24, 1966, appellant mailed a check for $145 to appellee accompanied by a letter which explained that $30 had been deducted from the total rent due to cover the cost of installing the locks. Notwithstanding this, a writ of restitution was issued and notice thereof mailed to appellant at the carriage

house address. Eviction had commenced on November 4, 1966, when a telephone call apprised appellant, who lived nearby, that his property was being put out on the street. According to appellant, this was the first notification he received of any legal proceedings against him.

A motion to set aside the default judgment and to quash the writ of restitution was filed on November 10, 1966. Appellant also sought to enjoin further attempts to remove his property, claiming that much of it was being destroyed as it was removed.[1] Confusion as to record entries delayed the hearing on the motion until December 8, 1966. At the hearing the deputy marshal testified to the posting of the summons on the door after he ascertained from a neighbor that no one resided on the premises. Appellant testified he had not received the suit papers and that he was unaware of the proceedings against him. He denied having been told that appellee had filed suit for possession.[2] The court terminated the hearing somewhat abruptly and denied the motion to vacate, seemingly resolving that the service was valid.[3]

We are well aware that the grant or denial of a motion under GS Civil Rule 60(b) to vacate a default judgment rests within the sound discretion of the court, but we have recognized that only a slight abuse of that discretion in refusing to set the judgment aside may justify reversal.[4] In our judgment this is such a case. The testimony of record is that appellant had no notice of the possessory action at the time of the default nor at the time the writ of restitution was issued. Moreover, the sworn complaint for possession itself contained serious defects. The complaint demanded rent to November 1, 1966, although the attestation was dated September 4, 1966, a time when the rent for October was not yet due.[5] The complaint recited that notice to quit had been waived in writing,[6] yet it was shown that there was no written lease and appellant, by verified answer, denied any waiver.[7] And finally, the judgment as it now stands reflects no credit for the payment of $145, a fact which could prejudice appellant in any subsequent suit for the rent due.[8]

Appellant's motion was promptly filed, less than one month after the default judgment was entered and only six days after his claimed notice of the legal proceedings against him. As no evidence of a willful disregard of the court's process was introduced, the cumulative effect of lack of notice, a valid defense, possible prejudice, and prompt action, when con-

1. The injunction seems to have been denied.

2. An affidavit presented by appellee on the day of the hearing contains a statement to the contrary. The affidavit was objected to and was not considered by the trial court. We likewise do not consider the affidavit although it was designated in the record on appeal.

3. The court did not state the reason for its denial of the motion. The ruling came when appellant's counsel appeared unwilling to compromise the issue on terms that the rent would be paid in full and releases signed to protect each party from future claims.

4. Meadis v. Atl. Constr. & Supply Co., D. C.App., 212 A.2d 613 (1965) ; Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791 (1948). See also Bridoux v. E. Air Lines,

93 U.S.App.D.C. 369, 214 F.2d 207, cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L. Ed. 647 (1954) ; Tozer v. Krause, 189 F.2d 242, 245 (3d Cir. 1951).

5. If this was an error it was not explained.

6. On oral argument counsel admitted this was incorrect.

7. This defense alone, if proven, would defeat appellee's claim for possession for unless waived, a notice to quit is a condition precedent to the filing of a suit for possession. Royall v. Weitzman, D.C. Mun.App., 125 A.2d 680 (1956) ; Craig v. Heil, D.C.Mun.App., 47 A.2d 871 (1946).

8. Bess v. David, D.C.Mun.App., 140 A.2d 316 (1958).

sidered together with our policy favoring trials on the merits, leads us to hold that it was error to deny the motion to vacate.

Reversed.