**Mildred BEVINS, Appellant,**

**v.**

**Benjamin F. LEWIS, Appellee.**

**No. 4399.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1968.

Decided June 16, 1969.

King David, Washington, D. C., for appellant.

Dorsey Evans, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and KERN, Associate Judges.

KERN, Associate Judge.

Appellee filed in the Landlord and Tenant Branch of the court below a complaint for possession of certain premises which appellant occupied. The complaint did not allege the type of tenancy, the total rent due and owing, or the period during which the rent was in default. It also failed to allege that notice to quit had been served upon appellant or waived in writing. The complaint was executed and sworn to by appellee's attorney rather than appellee himself. The only affirmative allegation in the complaint was that possession is sought "for eviction: Tenant has no agreement to stay on premises".

No answer was filed by the due date two weeks later and a default judgment was entered on that day. On April 6, 1967, 30 days after the filing of the complaint and 17 days after the answer had been due and judgment entered, appellant filed a motion to vacate the default judgment and stay the execution of the writ, to which motion she attached her answer.

Appellant in her answer stated that "she is the common-law wife of the plaintiff [appellee] and has been such for more than 10 years. As such common-law wife * * [she] has an equitable interest in the premises * * *." Appellant based her motion to vacate upon Rule 60(b)(1), (3) and (4) of the District of Columbia Court of General Sessions Civil Rules [1] and alleged there-

---

1. Rule 60(b) states:

(b) Mistake; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

* * * * *

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void * * *.

in that she had first learned of the suit for possession when the writ of restitution was mailed to her, that she was the common-law wife of appellee and had an equitable interest in the property in which she was living and that the judgment entered and the writ of restitution issued by the trial court were "void ab initio".

Appellant testified at the hearing on the motion to vacate that she never saw the complaint, that she had been living as common-law wife to appellee since 1948, that they had agreed that she would live in the house as long as she wished and that she never paid appellee any rent. The deputy marshal who noted on the return of the summons and complaint that he had posted it was unavailable for the hearing but his supervisor testified that the notation "posted" meant that the papers had been affixed to the door of the premises in question. It appears that the trial court confined itself solely to the issue whether posting a copy of the complaint and summons complied with the applicable statute [2] as construed by judicial decisions.[3] The court concluded that the method of service employed here met the dictates of the statute and denied appellant's motion.

■■ Generally, the competing considerations which must be weighed in determining whether to vacate a judgment entered on default are:

On the one hand, it is important that cases be decided on their merits, and, on the other hand, it is important that litigation be concluded finally and with reasonable dispatch. * * * Otherwise stated, the court must at the same time recognize that the objective of legal procedure is the determination of the issues upon their merits, and also that litigants should not be allowed to disregard with impunity the process of the court. (Citations omitted.) Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791, 792 (1948).

The grant under GS Civil Rule 60(b) of a motion to vacate default judgment is within the discretion of the trial court but we have reversed a refusal to set aside a default judgment upon only a *slight* abuse of that discretion. Meadis v. Atlantic Const. and Supply Co., D.C.App., 212 A.2d 613 (1965). We are impelled by the totality of circumstances peculiar to this case to conclude that such action is justified here.

■ The absence from the complaint of any allegation as to the kind of tenancy existing between the parties coupled with appellant's testimony that she was the common-law wife of appellee and had been living in the premises for a number of years with his express consent raises a serious doubt whether the court below even had jurisdiction over this action. Spruill v. Brooks, D.C.Mun.App., 68 A.2d 204 (1949). This is an issue which cannot be determined upon the present record and requires further development and consideration by the trial court. Also, the complaint appears defective in several respects. It fails to allege that notice to quit had been given and omits reference to rent due and owing and any precise ground to justify the removal of appellant from the premises. *See* Barr v. Rhea Radin, D.C.App., 251 A.2d 634 (decided April 3, 1969). Finally, there was no evidence that appellant had flagrantly disregarded the process of the court which we recognized in *Manos* was a substantial factor in determining whether to

---

2. D.C.Code 1967, § 16–1502 states:
   The summons provided for by section 16–1501 shall be served seven days, exclusive of Sundays and legal holidays, before the day fixed for the trial of the action. If the defendant has left the District of Columbia, or cannot be found, the summons may be served by delivering a copy thereof to the tenant, or by leaving a copy with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read.

3. Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766 (1950); Gordon v. Tino, D.C.Mun.App., 50 A.2d 593 (1946).

vacate a default judgment. She filed her answer with reasonable promptness and we are unable to see how appellee will be prejudiced by the delay required to hear the case on its merits in view of the fact that appellant had apparently resided at these premises for a number of years before appellee decided to initiate this suit.

We do not by our decision today suggest that a party can ignore the process of the court and then overturn later the court's disposition of the case on his default. Our decision today is limited to the unusual facts and circumstances of this case and is not to be taken as any modification of our policy that litigation must be concluded with reasonable finality and dispatch.

Reversed and remanded with instructions to vacate the default judgment.