Lena **ROBINSON**, Petitioner,

v.

**DIAMOND HOUSING CORPORATION**,
Respondent.

No. 23850 (Misc. 3512).

United States Court of Appeals,
District of Columbia Circuit.

April 14, 1970.

Messrs. C. Christopher Brown and Richard B. Wolf, Washington, D. C., were on the pleading for petitioner.

Mr. Herman Miller, Washington, D. C., was on the opposition for respondent.

Before BAZELON, Chief Judge, WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges, in Chambers.

PER CURIAM.

ORDER

On consideration of petitioner's suggestion for rehearing *en banc* and application for temporary stay, and of the responsive pleadings filed with respect thereto, it is

Ordered by the Court, *en banc*, that petitioner's suggestion for rehearing *en banc* and application for temporary stay are denied.

Circuit Judge WILKEY did not participate in the foregoing order.

Separate Statement of Circuit Judge ROBINSON, concurred in by Chief Judge BAZELON and Circuit Judges WRIGHT, McGOWAN, LEVENTHAL and MacKINNON, on votes to deny rehearing *En Banc*

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

The instant proceeding had its genesis in an earlier action by the respondent-landlord against the petitioner-tenant for possession of the leased property, a dwelling, on account of petitioner's withholding of rental payments called for by the terms of the lease. Petitioner defended that action on grounds that respondent was in violation of the Housing Regulations [1] and that the condition of the dwelling, rendering it unsafe and unsanitary, was or should have been known to respondent at the inception of the lease. On special jury verdicts establishing these claims as fact, the District of Columbia Court of General Sessions held the lease void and denied recovery of possession. On the basis of its holding in Brown v. Southall Realty Company,[2] the District of Columbia Court of Appeals affirmed.[3]

The Court of Appeals went further, however, outlining the course it deemed a landlord free to pursue in the event that a lease is invalidated on the *Brown* rationale. Likening the tenancy engendered by the annulled lease to one at suffrance, the court held that it is terminable, after proper notice to quit,[4] for the purpose of retiring the realty from the housing market:

> The Housing Regulations do not compel an owner of housing property to rent his property. Where, as here, it has been determined that the property when rented was not habitable, that is, not safe and sanitary, and should not have been rented, and if the landlord is unwilling or unable to put the property in a habitable condition, he may and should promptly terminate the tenancy and withdraw the property from the rental market, because the Regulations forbid both the rental and the occupancy of such premises.[5]

Respondent then served on petitioner a notice to quit and, when petitioner declined to vacate, instituted the present suit for possession. Petitioner resisted on various grounds, including the hypothesis that respondent's motive in demanding possession was retaliation for petitioner's success in the prior action. Petitioner thus endeavored to test respondent's bid for repossession in the context of a defense to which this court has previously accorded recognition.[6]

Respondent moved for summary judgment, supporting its position by an affidavit stating that "it does not presently desire to continue to rent the premises. * * * *" The Court of General Sessions, after a hearing, granted the motion, holding *inter alia,* that under the circumstances retaliation was inadmis-

1. Housing Regulations of the District of Columbia (1958). See Whetzel v. Jeff Fisher Management Co., 108 U.S.App. D.C. 385, 390–392, 282 F.2d 943, 948–950 (1960).

2. 237 A.2d 834 (D.C.App.1968), appeal denied, No. 21,874 (D.C.Cir. July 16, 1968), cert. denied, 393 U.S. 1018, 89 S.Ct. 621, 21 L.Ed.2d 562 (1969).

3. Diamond Housing Corp. v. Robinson, 257 A.2d 492 (D.C.App.1969).

4. *Id.* at 495. A petition for a review of this aspect of the decision is pending in this court.

5. *Id.* (footnote omitted).

6. See Edwards v. Habib, 130 U.S.App. D.C. 126, 397 F.2d 687 (1968), cert. denied, 393 U.S. 1016, 89 S.Ct. 618, 21 L.Ed.2d 560 (1969).

sible as a defense,[7] and refused petitioner's plea for a stay of the judgment. Petitioner returned to the District of Columbia Court of Appeals on a second appeal and applied unsuccessfully for an interim stay of eviction, and thereafter petitioner sought the stay in this court. A division of the court denied the request,[8] whereupon petitioner filed a suggestion for rehearing *en banc*,[9] and it is to the suggestion that I address this statement.

The award of summary judgment remains for initial review by the Court of Appeals, with the result that we have no occasion at the moment to examine any aspect of the case on the merits. And owing to a change of circumstances subsequent to the division's action, it now appears unnecessary to further consider petitioner's motion for a stay. An affidavit by petitioner depicts intolerable conditions at the leased premises, and informs us that in consequence petitioner has been forced to move therefrom into temporary quarters in order to safeguard the health and safety of her family. The affidavit proclaims petitioner's intention to reoccupy the leased dwelling if it is brought into conformity with the Housing Regulations, and the belief that her tenancy therein subsists.

Focusing on what is now before us, I do not reach any problem of possible mootness of petitioner's appeal by reason of the foregoing events.[10] The pivotal fact for me is that, for the time being at least, the case lost its emergency posture, in terms of the imminence of judicial eviction, when petitioner took up residence elsewhere. Mootness aside, petitioner can litigate the appeal as well while out of possession as she might have done had she clung to her occupancy of the leased premises. Concomitantly, entry of a stay of eviction is now pointless and, by the same token, *en banc* consideration of the motion therefor would serve no purpose.

In reaching this conclusion, I intimate no view whatever on the manifold questions evolving from the grant of respondent's motion for summary judgment, or as to whether those questions became nonjusticiable when petitioner moved out of respondent's property. Those issues must await orderly resolution by the District of Columbia Court of Appeals and any subsequent application for further review here, with or without a renewed application for a stay, which a party may thereafter present.

---

7. That this was the basis of the ruling became demonstrable only after the hearing transcript became available to this court. See note 8, *infra*. Prior thereto, it was unclear as to whether the court's disposition rested partially on legal insufficiency of petitioner's retaliation theory or rather on the absence of a responsive affidavit, or an equivalent, explicitly drawing into question the intent actually underlying respondent's effort to regain possession of the premises.

8. When the division was called upon to act, the reporter's transcript of the hearing on the motion for summary judgment was still in preparation. See note 7, *supra*.

9. Fed.R.App.P. 40(a).

10. Compare Gaddis v. Dixie Realty Co., 136 U.S.App.D.C. 403, 420 F.2d 245 (1969), where, however, the tenant vacated the leased premises voluntarily.