**Mabel BUTLER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5193.**

District of Columbia Court of Appeals.

Argued July 13, 1970.

Decided Sept. 10, 1970.

---

---

J. Kirkwood White, for appellant.

Charles David Nelson, atty. for National Capital Housing Authority, for appellee; Bobby B. Stafford, Kingstree, S. C., atty. for National Capital Housing Authority, was on the brief for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

1. G.S.Civ.R. 60(b) (1).

2. R. 43.

PER CURIAM.

Appellee-landlord sued appellant for possession of Apt. 13, 201 M St., S.W., on the ground of nonpayment of rent. On November 10, 1969, the return day, appellant failed to appear in court and judgment by default was entered against her. Her motion to vacate default judgment, accompanied by a verified answer, was filed on November 25th, amended on December 3rd, heard on December 8th, and denied on December 19, 1969. This appeal ensued.

Appellant alleges she was entitled to relief from the default judgment by reason of mistake, inadvertence or excusable neglect.[1] According to the agreed statement of proceedings and evidence there was testimony at the hearing on the motion to vacate from which the court could have found that, on October 29, 1969, a Deputy United States Marshal knocked on appellant's door, waited a few seconds, and receiving no answer, posted the Landlord and Tenant summons and complaint on the door. As he proceeded down the hall appellant appeared in the doorway and asked what the paper was. He advised her to see her housing manager at the rental office, whereupon appellant yelled at him in foul language and stated that he was supposed to "deliver this in her hand."[2] On direct examination appellant testified that she glanced at the paper, threw it at the deputy marshal when he told her to see her rent manager, and that she has not seen it since. On cross-examination appellant testified that she could not remember whether or not she picked up the complaint or read it to ascertain the return day.[3] She called the court several days after the return day and learned of the default.

The alleged mistake relied upon to relieve appellant from the default is that when she glanced at the summons and complaint,

3. This testimony is disputed. Appellant claims to be an epileptic and to have a brain tumor; she supposedly has frequent seizures, loss of memory, and temper tantrums.

before "tossing" it at the deputy marshal, she thought it was a summons to appear in court on November 12, 1969, when in fact the return day was November 10, 1969. It was when she called on November 12 to ascertain what time she was required to appear in court that she learned of the default. She then consulted her attorney.

■ Given the broad discretion of the trial court to grant or deny a motion to vacate,[4] we are of the opinion that in this case there was a sound exercise of that discretion. In our judgment, the trial court could have found from the evidence presented a willful or negligent disregard of the court's process justifying the refusal to vacate the default judgment.[5]

■ We find no abuse of discretion.[6]

Affirmed.

4. Barr v. Rhea Radin Real Estate, Inc., D.C.App., 251 A.2d 634, 635 (1969).

5. *Cf.* Barr v. Rhea Radin Real Estate, Inc., *supra* n. 4; Meadis v. Atlantic Constr. & Supply Co., D.C.App., 212 A.2d 613 (1965) ; Manos v. Fickenscher, D.C.Mun. App., 62 A.2d 791 (1948).

6. Appellant's alternate contention that the judgment is void under Rule 60(b) (4) for lack of personal service is without merit. *See* Corpening v. Corpening, D.C. App., 258 A.2d 262 (1969).