Augustine J. WESTMORELAND,
Appellant,

v.

WEAVER BROTHERS, INC., a corpora-
tion, Appellee.

No. 6371.

District of Columbia Court of Appeals.

Argued June 26, 1972.

Decided Oct. 2, 1972.

Marion M. Cooke, with whom William G. Ohlhausen, Washington, D.C., was on the brief, for appellant.

John J. Cooleen, Washington, D.C., for appellee.

Before KELLY, GALLAGHER and PAIR, Associate Judges.

KELLY, Associate Judge:

This appeal is from the denial of appellant's motion to vacate a default judgment entered in the Landlord & Tenant Branch of the Superior Court. After considering the pleadings and affidavits, and hearing oral argument on the motion, the trial court refused the requested relief, finding that the case was moot, and also that appellant, defendant below, had been dilatory in filing his motion. We reverse and remand.

The record discloses that on September 16, 1971, appellee filed a complaint seeking possession of premises leased by appellant for failure to pay rent for the month of September. Service of the summons and complaint was accomplished by posting on September 23, according to the affidavit of a special process server, "the Defendant not to be found, and no person above the age of 16 years to be found in possession of or residing on said premises." Appellant did not appear on the return date and the landlord obtained a judgment for possession by default. Subsequently, two writs of restitution were issued, the first of which was never executed. On November 11 the second writ was executed by a deputy United States marshal and appellant, upon returning from work, discovered that he had been evicted.

By affidavit, appellant averred that until November 11 he had been peacefully residing in his apartment; that he came and went regularly, and regularly checked his mailbox; that he regularly saw the resident manager and desk clerks; that he was never informed of any action for possession by the resident manager or landlord; that he never received the summons and complaint which were allegedly posted on his door, nor the writ of restitution either personally or through the mail. An additional affidavit stated in defense that upon appellant's "best information and belief" he had paid his September rent; that he had paid his October rent, and that he had tendered payment of his November rent the day after his eviction, but that the tender was refused.[1]

Appellee submitted affidavits of the resident manager of the building and an agent of its corporation which stated that appellant owed three months' rent at the time he was evicted, and that in the weeks prior to eviction numerous discussions had occurred between appellant and the resident manager concerning his rent delinquency and the fact that action would be taken against him in this regard.[2] Appellant promised to make

---

1. Although given the opportunity, appellant did not testify on the motion.

2. The affidavits did not specify that appellant was told that a suit had been filed, or a default entered, or a writ of restitution issued.

a payment of rent to appellee before noon of November 11, but no such payment was made. The resident manager also attested to having seen three landlord and tenant complaints for possession and one writ of restitution addressed to appellant in plain view in appellant's apartment on the date of his eviction.[3] The premises were re-rented on December 1, 1971.

The trial court concluded that the action was moot, apparently because appellant had already been evicted and the premises had been relet, and that, in any event, appellant had been dilatory in filing his motion and was not entitled to relief. Appellant's remedy, if his rights had been violated, was said to lie in a civil action against the landlord. The court made no finding on the question of notice or the validity of service of process. Appellant now challenges these findings.

■ It is well established that the granting or denial of a motion to vacate a default lies within the sound discretion of the trial court,[4] but that courts favor trial on the merits and that a slight abuse of discretion in refusing to set aside a default is sufficient to justify reversal.[5] This is not to say that "a party can ignore the process of the court and then overturn later the court's disposition of the case on his default."[6] The criteria to be considered were set out by this court in Italia Societa Anonima Di Navigazione v. Cavalieri, D.

C.Mun.App., 99 A.2d 488, 489 (1953), where we said:

. . . Where the defaulting party is not guilty of wilful neglect and acts with reasonable diligence after the default has been entered, sound judicial discretion requires setting aside the default if there is a prima facie showing of a meritorious defense and if setting aside the default will not prejudice the substantive rights of the opposing party. . . .

■ A motion to vacate a default judgment on ground that the judgment is void must be made within a reasonable time and on the grounds of surprise or excusable neglect not more than one year after entry of the order or judgment.[7] The motion here was filed within three months of the default judgment, and seven weeks after execution of the writ of restitution. Appellant's explanation for the delay in filing the motion was that he had no notice of the case prior to his eviction; that he experienced emotional and practical difficulties as a result of the eviction,[8] and that he had problems in obtaining counsel. In view of the relatively short delay and the reasons given for it, the *absence of a finding* that appellant had actual notice or was guilty of wilful neglect, and appellant's allegation of a defense which, if proved, would defeat the action against him, we cannot agree that appellant should be denied his day in court because he was dilatory or failed to act with reasonable diligence.[9]

---

3. Counsel for appellee stated during oral argument that suits for possession were filed against appellant in July, August and September, and that at least one writ was issued in a prior action.

4. Meadis v. Atlantic Constr. & Supply Co., D.C.App., 212 A.2d 613 (1965) ; Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791 (1948).

5. Bevins v. Lewis, D.C.App., 254 A.2d 404 (1969) ; Manos v. Fickenscher, *supra* note 4.

6. Bevins v. Lewis, *supra* note 5, at 407.

7. SCR 60(b). This rule, as well as SCR 55, is made applicable to Landlord & Tenant proceedings by L&TR 2.

8. Appellant claims to have lost most of his furniture and his papers.

9. This case can be distinguished from Huff v. Kraft, D.C.Mun.App., 63 A.2d 667 (1949), in which we found a lack of reasonable diligence on the part of appellant who offered no explanation for waiting a month after his credits had been seized under an attachment before filing his motion to vacate. Also distinguishable is Renshaw v. Swift, D.C.Mun.App., 123 A.2d 618 (1956), where we held that the

Similarly, we must reject the ruling of the trial court that the action was moot. While a voluntary removal from premises which are the subject of a landlord-tenant suit for possession ordinarily terminates the controversy between the parties and renders the case moot,[10] this does not apply where possession is surrendered involuntarily.[11]

For the guidance of the court on remand, we add that we disagree with appellant's contention that service by posting was inappropriate under D.C. Code 1967, § 16–1502, or constituted a denial of due process of law. That section provides:

. . . If the defendant has left the District of Columbia, or cannot be found, the summons may be served by delivering a copy thereof to the tenant, or by leaving a copy with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read.

Appellant's objection to service by posting is based on the fact that a resident manager and a desk clerk were present in the apartment house when service was made, and that there was, therefore, "some person above the age of sixteen years residing on or in possession of the premises sought to be recovered". While the validity of service by posting depends on the process server first making a diligent and conscientious attempt to effect personal or substituted service,[12] we think it is an unreasonable construction of the statute to suggest that a resident manager of a large apartment building, who is employed by the landlord, is a person residing on or in possession of the premises for the purpose of service of a Landlord & Tenant complaint.[13]

We also disagree with appellant's contention that service by posting violated constitutional due process requirements. The adequacy of notice for due process purposes depends on whether it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). In a landlord-tenant action for possession "[i]t is to

---

trial court did not abuse its discretion in denying a motion to vacate a default filed thirteen months after the tenant had been evicted.

10. Atkins v. United States, D.C.App., 283 A.2d 204 (1971); Dietz v. Miles Holding Corp., D.C.App., 277 A.2d 108 (1971). *But see* Brown v. Southall Realty Co., D.C.App., 237 A.2d 834 (1968) (appeal from judgment for possession allowed despite the fact that tenant had surrendered premises and did not wish to be returned to possession, because judgment for possession would render certain facts res judicata in any subsequent suit for rent). In the recent case of Tutt v. Doby, 148 U.S.App.D.C. ——, 459 F.2d 1195 (1972), the United States Court of Appeals for the District of Columbia Circuit held that a default judgment in a possessory action would not estop the tenant from litigating the amount of rent due.

11. Gaddis v. Dixie Realty Co., D.C.App., 248 A.2d 820, remanded on other grounds,

136 U.S.App.D.C. 403, 420 F.2d 245 (1969).

12. Although the statute does not expressly require diligence on the part of the process server, Etelson v. André, D.C.Mun.App., 61 A.2d 806 (1948), such a requirement has been judicially construed to exist. Bell v. Tsintolas Realty Co., 139 U.S.App.D.C. 101, 430 F.2d 474 (1970); Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766 (1950).

13. Appellant's reliance on Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), cert. denied, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968) is misplaced. There, the defendant moved to quash service which had been made on the resident manager of the multi-building apartment complex in which he resided. The court held that since defendant admitted that he received notice of the suit, the rule under which he was served should be broadly construed, and thus found that the service had been valid.

be noted initially that since this is an action to recover the possession of premises occupied by a person who is resisting removal, his whereabouts are obviously fixed and easily determinable. Thus the usual problem of serving a person whose present residence is unknown, which gives rise to much of the constitutional litigation . . . is absent." Velazquez v. Thompson, 451 F.2d 202, 205 (2d Cir. 1971). In such a suit, we cannot say that service by posting is not reasonably calculated to give the tenant notice of the pending action and therefore there is no constitutional infirmity.

Since appellant's motion to vacate was denied for reasons we hold erroneous, the order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

So ordered.