**Mary Ann SMITH, Appellant,**

v.

**TOWN CENTER MANAGEMENT COR-
PORATION, Appellee.**

No. 7374.

District of Columbia Court of Appeals.

Argued Oct. 24, 1974.

Decided Dec. 16, 1974.

Donald L. Golden, Washington, D. C., for appellant. Jay L. Carlson, Washington, D. C., was on the brief for appellant.

Herman Miller, Washington, D. C., for appellee.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

In this appeal from a refusal to vacate a default judgment for possession of an apartment, we are presented with a question of mootness since Mrs. Smith vacated the premises. As a condition of a stay pending appeal, and in lieu of posting a supersedeas bond, she was required to deposit monthly into the registry of the trial court an amount to cover rental value for the period of appeal. Mrs. Smith failed to make the first deposit and left in the face of being evicted. We hold the appeal to be moot and remand with instructions to vacate the judgment for possession and dismiss the complaint.

It is important to note what this case is not about since it is different from litigation presenting the issue of whether vacation of leased premises mooted the controversy.[1] Nor are we presented with a case of nonpayment of rent because of asserted landlord apathy to substandard housing conditions. Neither are we dealing with a case where the suit for possession also demands a money judgment for past due rent, nor a case involving a claim of retaliatory eviction. Mrs. Smith occupied her "quarters as part of her employ-

---

1. Westmoreland v. Weaver Bros., Inc., D.C. App., 295 A.2d 506, 509 (1972); Atkins v. United States, D.C.App., 283 A.2d 204 (1971); Robinson v. Diamond Housing Corp., 150 U.S.App.D.C. 17, 33–34, 463 F.2d 853, 869–870 (1972).

ment." When she was discharged, she was, by her assertion, told that "she might stay there, as long as she desired and until she found another place[,] rent free." She remained in the apartment from at least sometime in 1971 until about July 10, 1974. The record does not reveal why the appellee, Town Center, permitted such a period to elapse, but it does reveal that in early 1972, a complaint for possession was dismissed on the ground that the landlord failed to give a notice to quit before filing the action. The assumption had been made by the parties and the trial court that a tenancy existed and therefore that notice to quit was required. It is this assumption, which pervaded the controversy even to the briefing stage in this court, that we find to be faulty. We hold that Mrs. Smith was not a tenant entitled to notice to quit but was a permissive user when permitted to live in the apartment rent free.

■ The action in the present case was filed in February 1973. It alleged a tenancy at sufferance and that notice to quit had been served as required by law. The motion to vacate default judgment, and the verified answer filed with it, denied personal or lawful service of process or actual notice of the proceedings against her. The answer denies all allegations in the complaint including, of course, the existence of a tenancy at sufferance.[2] Indeed, such a tenancy requires payment of rent or "hireings" or a "rate per month" to accompany the estate. *See* D.C.Code 1973, § 45–820. On this record a tenancy at sufferance cannot be said to exist. *See* Thayer v. Brainerd, D.C.Mun.App., 47 A.2d 787, 789 (1946). Neither is a tenancy at will reflected (which would require a thirty-day notice to quit; *see* D.C.Code 1973, § 45–

903). A tenancy at will is "[a]n estate . . . held by the joint will of lessor and lessee, . . . and such estate shall not exist or be created except by express contract . . . ." *See* D.C.Code 1973, § 45–822. As can be seen from Mrs. Smith's contention that she was permitted to remain in the premises rent free, there can be neither a lessor-lessee relationship nor an "express contract" in the absence of consideration. Thayer v. Brainerd, *supra* at 789; 1 Williston, Contracts §§ 99 et seq. (3d ed. Jaeger 1957).

■ Accordingly, we conclude that appellant, by her own assertion, occupied the apartment as a permissive user or licensee who, upon being asked to leave, became a trespasser. It is certain that, if not before, at least upon learning of the present default judgment, Mrs. Smith knew that her status as a guest was terminated. Therefore, albeit under threat of eviction, she left as a trespasser and took with her no right of reentry. W. Prosser, Law of Torts § 58 (4th ed. 1971). For this reason the cases on which she relies to establish involuntary departure and continued viability of the controversy are inapposite. Absent a right of reentry, appellant's departure renders the controversy moot. The default judgment is, therefore, vacated, and the case is remanded with directions to dismiss the complaint. *See* United States v. Munsingwear, Inc., 340 U.S. 36, 39–40, 71 S.Ct. 104, 95 L.Ed. 36 (1950); Gaddis v. Dixie Realty Co., 136 U.S.App.D.C. 403, 420 F.2d 245 (1969) (upon remand to determine whether to apply the procedure prescribed by *Munsingwear,* this court did so by an unpublished order dated December 18, 1969).

So ordered.

---

2. As observed above, Mrs. Smith was permitted to occupy the premises rent free. She made this assertion in answer to the first complaint, and, although that document is not before us, the transcript of proceedings leading to that dismissal contains unchallenged reference to that assertion. Smith's brief erroneously fails to acknowledge the fact of the first complaint. Thus, the assertion (Ap-

pellant's Brief at 2) that Smith was an employee a few months before "institution of this action" and was permitted, because of work-related injury to "remain in her apartment on a rent-free basis for a reasonable period of time" is chronologically in error. However, it is conceded that Mrs. Smith had been a permissive occupant or user.