**Bruce A. PELKEY, Appellant,**

v.

**ENDOWMENT FOR COMMUNITY LEADERSHIP, Appellee.**

No. 01–CV–1136.

District of Columbia Court of Appeals.

Argued Jan. 21, 2004.

Decided Feb. 5, 2004.

Bruce Pelkey, pro se.

Carol S. Blumenthal, Washington, DC, for appellee.

Before TERRY, FARRELL and REID, Associate Judges.

REID, Associate Judge:

This case involves a challenge to the trial court's denial of appellant Bruce A. Pelkey's motion to vacate default judgment, which was entered in response to appellee Endowment for Community Leadership ("ECL")'s complaint for possession of real estate. Discerning no abuse of discretion, we affirm the trial court's judgment.

**FACTUAL SUMMARY**

The record before us shows that on June 22, 2001, ECL filed its complaint for possession of Unit 606 at 1026 16th Street, in the Northwest quadrant of the District of Columbia. Earlier, on February 28, 2001, ECL sent a "notice to vacate for personal

use and occupancy of the contract purchaser" to Mr. Pelkey at the 16th Street address, together with an affidavit from Michael B. Vaughn attesting to his purchase of the unit. Initial efforts to serve Mr. Pelkey were unsuccessful, and eventually, service of the summons and complaint was accomplished by posting a notice on the door of Unit 606 at the 16th Street address on July 22, 2001. Affidavit of service was filed on August 1, 2001. The summons ordered Mr. Pelkey to appear in court on August 14, 2001, but he failed to appear. Consequently, a default judgment was entered on August 14, 2001.

Mr. Pelkey moved for relief from the default judgment on August 20, 2001. He stated:

> Upon receiving the notice to vacate, I contacted the D.C. Dept. of Consumer and Regulatory Affairs and was told the notice was invalid. I sent the landlord a certified letter explaining this, and my June rent check. I then left for California. I paid the rent for July and August. I returned to Washington on August 18 (Saturday) and found the complaint & summons taped to my door. I [have] heard nothing from the landlord since March to today.

A writ of restitution issued on August 21, 2001. A few days later, on August 24, 2001, Mr. Pelkey filed an application for stay of execution of writ of restitution in which he declared:

> I was informed by the city Dept. of Consumer Affairs, Condo & Coop Branch, that the notice to vacate was invalid. I sent the landlord a certified letter to this effect, along with my rent for June. I have paid the rent through August. I was out of town, came back and learned I had missed the hearing date. On August 20, I filed a motion for hearing, thinking it would prevent a writ of possession from being issued.

Following a hearing on August 28, 2001, Mr. Pelkey's motion to vacate the default judgment was denied, and the stay of the writ was lifted. His sub sequent motion for a stay, filed in this court, was denied on August 30, 2001. He filed a timely notice of appeal on August 29, 2001.

## ANALYSIS

Mr. Pelkey makes several arguments on appeal regarding the entry of the default judgment against him. He complains that he "was subjected to unfair and ethical treatment by the landlord, including a failure to bargain in good faith with respect to the sale of the subject unit," and that ECL "breached multiple provisions of the Code of the District of Columbia." In addition, he maintains that the notice to vacate and the summons/complaint "were invalid," and that the service of process was "defective." Furthermore, he argues that "[t]he trial court improperly refused to admit evidence, and to entertain oral argument" concerning certain facts. Finally, he argues that he "was wrongfully evicted from the unit, in breach of contract, and was subjected to embarrassment, humiliation and severe intentional infliction of emotional distress by the landlord and its agents."

In response, ECL contends that Mr. Pelkey failed to follow the dictates of Super. Ct. Civ. R. 55(c) in that he did not file a verified answer to the complaint with his motion to vacate the default. In addition, ECL argues that Mr. Pelkey has raised on appeal claims that were not presented to the trial court, such as violations of the Tenant Opportunity to Purchase Act, D.C.Code § 42–3401 *et seq.* (2001). And it maintains that Mr. Pelkey rented Unit 606 as an office, not for residential purposes, and hence is not entitled to relief.

■ " '[T]he grant or denial of a motion to set aside a default judgment is committed to the sound discretion of the trial court.' " *Rubin v. Lee*, 577 A.2d 1158, 1160 (D.C.1990) (quoting *Firemen's Ins. Co. of Washington, D.C. v. Belts*, 455 A.2d 908, 909 (D.C.1983)). " 'In exercising its discretion, the trial court must choose what is right and equitable under the circumstances and the law and state the reasons which support its conclusion.' " *Id.* (quoting *Firemen's Ins. Co., supra* at 909) (citing *Johnson v. United States*, 398 A.2d 354, 361–64 (D.C.1979) (internal quotation marks omitted)).

During the August 28, 2001, hearing on Mr. Pelkey's motion to vacate the default judgment, the motions judge asked, "Why did you default?" Mr. Pelkey responded, "I was out of town." In addition, he stated that he "sent a certified letter to the landlord of the [16th Street] unit explaining that [he] was in California ... and [requesting that the landlord] not take any action with respect to the unit without at least notifying [him]." Upon further inquiry by the motions judge, Mr. Pelkey maintained that he "used [the unit] as an office ... for [his] consulting business." There was no reference to use of the unit as a residence.[1] When the trial judge asked whether anyone checked his mail, Mr. Pelkey replied, "The mail is forwarded to me in California."

Defense counsel argued that she had "heard no evidence ... of any defense in this case." The motions judge agreed, declaring in part: "No evidence is proffered to the court, only assertions. And

this is by ... someone who is a lawyer and a member of the Bar who knows the difference between assertions and evidence." Mr. Pelkey responded by saying in part: "I can give evidence that I was out of town, I could give evidence that I was paying my rent ...." The motions judge interrupted Mr. Pelkey and said: "It is not the Court's job to teach you how to present evidence in court. You're a very able litigator, I know that."

■ We discern no abuse of discretion on the part of the motions judge. Mr. Pelkey did not comply with Super. Ct. Civ. R. 55(c) regarding the procedure for vacating a default. That rule requires a showing of "good cause" and "the filing of a verified answer setting up a defense sufficient if proved to bar [ECL's] claim in whole or in part...." His defense at the hearing centered on his assertion that he was out of town and hence did not receive the summons and complaint until after the scheduled August 14, 2001, hearing. But the record is clear that Mr. Pelkey received the February 28, 2001, notice to vacate sent to him by ECL, with an attached affidavit from the contract purchaser stating his intent to reside in the unit. The notice specified that the tenant had been "provided the first right to purchase the [unit]...." Since he received the notice to vacate and did not do so, he could reasonably expect a complaint for possession. Moreover, after personal service could not be accomplished, posting of the complaint and summons, followed by first-class mailing to the address, was proper.[2] *See* D.C.Code § 16–1502 (2001). There-

---

1. During oral argument in this court, Mr. Pelkey asserted that he used the unit both as an office and as a residence on his return visits to the District from California.

2. Relying on *Frank Emmet Real Estate, Inc. v. Monroe*, 562 A.2d 134 (D.C.1989), Mr. Pelkey argues that "the landlord [here] was well aware of the fact that the tenant often left the

District for extended periods, and knew that the tenant was in California." (Br. for App. at 29). In *Frank Emmet Real Estate, Inc.,* however, the landlord had "actual knowledge of the place [i.e., the 'exact address'] where the [tenant could] be found outside the District," *id.* at 134, 136, while here Mr. Pelkey had not provided the landlord with a Califor-

fore, we agree with the motions court that Mr. Pelkey's reason for defaulting was insufficient to bar ECL's claim for possession.

Significant, also, is Mr. Pelkey's statement to the court on August 28, 2001, that he used the 16th Street unit he had rented as an office for his consulting business. Given his business reason for occupying the unit, his arguments on appeal relating to the protections of D.C.Code §§ 42–3401 *et seq.* (2001), pertaining to tenants housed in rental property, are unavailing. Section 42–3401.03(16) defines "rental unit" or "unit" as "only that part of a housing accommodation which is rented or offered for rent for *residential* occupancy...." Therefore, the protections contained in the District's law relating to tenants residing in rental property are not available to Mr. Pelkey to defeat ECL's complaint for possession, and to justify setting aside the default.

■ Finally, Mr. Pelkey's contention that he was denied his day in court because the trial court refused to admit certain evidence is unpersuasive.[3] He neither filed the required verified answer reflecting evidence that could defeat ECL's complaint for possession, nor offered any evidence to the court during the motions hearing that would satisfy his burden to show "a defense sufficient if proved to bar [ECL's] claim in whole or in part...." And the court did not abuse its discretion in refusing to vacate Mr. Pelkey's default on the ground that "there's no evidence, there's only assertions." Nor did the trial court abuse its discretion under Super. Ct. Civ. R. 60(b) in refusing to set aside the default judgment. Mr. Pelkey had actual notice of the notice to vacate, and he received proper notice of the summons and complaint for possession, through posting and mailing. Furthermore, it is obvious on the record before us that, even assuming prompt action and good faith on his part, he did not present an adequate defense to ECL's complaint for possession. And ECL and the contract purchaser of Mr. Pelkey's 16th Street unit would suffer prejudice upon the setting aside of the default judgment. In short, Mr. Pelkey cannot satisfy the factors essential to vacating a default judgment under Rule 60(b). *See Ripalda v. American Operations Corp.,* 673 A.2d 659, 662 (D.C.1996); *Starling v. Jephunneh Lawrence & Assoc.,* 495 A.2d 1157, 1159–60 (D.C.1985).

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*

nia address and, indeed, acknowledged at the hearing on August 28, 2001, his general reliance on the fact that mail sent to the 16th Street address in the District was forwarded to him in California.

3. Mr. Pelkey's arguments concerning breach of contract, "emba[r]rassment, humiliation and severe intentional infliction of emotional distress by the landlord and its agents," apparently were not raised in the trial court. Therefore, we do not consider them. *See In re D.A.J.,* 694 A.2d 860, 864 (D.C.1997) (quoting *Little v. United States,* 665 A.2d 977, 980 (D.C.1995)); *Miller v. Avirom,* 127 U.S.App. D.C. 367, 369–70, 384 F.2d 319, 321–22 (1967). In addition, Mr. Pelkey's argument that the landlord waived the notice to vacate by accepting rent checks after serving the notice to vacate is unavailing. He relies on *Habib v. Thurston,* 517 A.2d 1 (D.C.1985), but that case is distinguishable. There, the acceptance of rent was held to waive a notice to quit based on an alleged breach (overcrowding) of the lease, *id.* at 7, whereas here the notice was based on a decision of the contract buyer of the unit to occupy it—a ground that the landlord-seller could not "waive" by accepting rent for the interim occupancy of the tenant.