Judy M. EDELHOFF, Appellant,

v.

SHAKESPEARE THEATRE AT
THE FOLGER LIBRARY,
INC., Appellee.

No. 04–CV–754.

District of Columbia Court of Appeals.

Argued Sept. 22, 2005.
Decided Oct. 13, 2005.

Bernard A. Gray, Sr., Washington, for appellant.

Stephen O. Hessler, Washington, for appellee.

Before SCHWELB, RUIZ, and GLICKMAN, Associate Judges.

SCHWELB, Associate Judge.

Judy M. Edelhoff appeals from an order of the trial court denying her motion to vacate a default judgment granting her landlord, Shakespeare Theatre at the Folger Library, Inc., possession of Ms. Edelhoff's apartment at 311 East Capitol Street, S.E., # 7, Washington, D.C., for certain alleged occupancy violations, including habitual late payment of rent. On appeal, Ms. Edelhoff contends that the underlying judgment is void because service of process by posting was invalid. We agree and reverse.

## I.

Although the litigation between the parties has a somewhat complex history,[1] the issue before us is relatively straightforward. Ms. Edelhoff, who had been a tenant at the apartment at issue for approximately twenty-five years, spent a substantial amount of her time travelling abroad. It is undisputed that while Ms. Edelhoff was away from Washington, D.C., her rent checks for October 2003 and January 2004 were returned for insufficient funds. On February 27, 2004, the landlord issued a thirty-day "Notice to Correct or Vacate" to Ms. Edelhoff. The Notice was served by private process server by posting on her unit door and by mailing a copy to Ms. Edelhoff at her unit address.[2]

The Notice to Correct or Vacate expired by its terms on March 31, 2004. On April 6, 2004, Ms. Edelhoff wrote to the landlord's general manager, enclosing a money order for a total of $973.32, covering the dishonored checks for October 2003 and January 2004 as well as the rent for April 2004. In her letter, Ms. Edelhoff stated that she had been a good tenant throughout her long tenancy, and she added:

My residence at 311 East Capitol Street, SE in Apartment 7 has been and continues to be my primary residence, as it has been since 1978. Certainly I am free to travel as necessary or desired. If another method of payment would be more reliable, such as a direct bank transfer or other method, I would be glad to discuss that with you. *In the meantime, while I am overseas, if you need to reach me you can telephone* [me at a specified international number].

(Emphasis added.)

On April 20, 2004, the landlord filed an action for possession in the Landlord and Tenant Branch of the Superior Court's Civil Division. The landlord alleged "consistent wilful failure to pay rent on time; nonpayment and bounced checks for prolonged period; material breach of occupancy agreement." On April 28, 2004, following two unsuccessful attempts to serve Ms. Edelhoff personally, the summons was served by special process server by posting on Ms. Edelhoff's door. Two days

1. We were advised at oral argument that while this appeal was pending, the Shakespeare Theatre filed a second action for possession, that judgment of possession was entered in that action in favor of the landlord, that this court declined to stay the judgment, and that Ms. Edelhoff has been evicted. Ms. Edelhoff has appealed from the judgment of possession in the second case, and that appeal is now pending. *See Edelhoff v. Shakespeare Theatre at the Folger Library, Inc.*, No. 05–CV–665.

2. Subsequently, on March 24, 2004, the landlord wrote a letter to the tenant further describing the alleged occupancy violations, and requesting that all future payments be made in cash or with certified funds.

later, a copy of the summons was mailed to Ms. Edelhoff at the unit address. No representative of the landlord attempted to contact her at the international telephone number that she had provided.

The return date on the summons was May 11, 2004, and a default judgment was entered on that date. A writ of restitution was also issued. At the time of the default, Ms. Edelhoff was in Rome, Italy. On May 23, 2004, immediately upon learning of the landlord's action against her, Ms. Edelhoff returned to this country, and on the following day, she appeared *pro se* to request that the writ of restitution be stayed. Following a hearing, the trial judge denied the motion. On June 1, 2004, Ms. Edelhoff, now represented by counsel, filed a second such motion. On June 23, 2004, that motion was denied. This appeal followed.

## II.

▮ The District of Columbia statute pertaining to service of the summons in an action for possession provides in pertinent part as follows:

> If the defendant has left the District of Columbia, *or cannot be found,* the summons may be served by delivering a copy thereof to the tenant, or by leaving a copy with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read.

D.C.Code § 16–1502 (2001) (emphasis added). The statute goes on to require that where the summons has been posted, a copy thereof must be mailed to the premises sought to be recovered. *Id.*

In our view, this appeal is controlled by *Frank Emmet Real Estate, Inc. v. Mon-*

*roe,* 562 A.2d 134 (D.C.1989) (hereinafter *Monroe* ). In that case, the court was called upon to construe § 16–1502, and the question presented was very similar to the issue in this case. We therefore quote from the court's opinion at some length:

> The jurisprudence of the District of Columbia has firmly established the principle that service by posting in eviction actions is a bottom choice. *Alexander v. Polinger Co.,* 496 A.2d 267, 270 (D.C. 1985) ("least preferred form of service"); *Parker v. Frank Emmet Real Estate,* 451 A.2d 62, 64 (D.C.1982) ("least favored form"); *Bell v. Tsintolas Realty Co.,* 139 U.S.App. D.C. 101, 104, 430 F.2d 474, 477 (1970) ("last resort"). Thus, although the statute does not expressly so require, it is a prerequisite to posting that a "diligent and conscientious effort" be made by the process server to either find the defendant to effect personal service or to leave a copy of the summons with a person "residing on or in possession of the premises." *See, e.g., Parker v. Frank Emmet Real Estate, supra; Westmoreland v. Weaver Brothers, Inc.,* 295 A.2d 506, 509 & n. 12 (D.C.1972). As the court said in *Dewey v. Clark,* 86 U.S.App. D.C. 137, 139, 180 F.2d 766, 768 (1950), the statute reflects an underlying assumption by Congress that "ordinarily one in possession or residence [can] be found and served in person, particularly in an action for possession."

> Thus, we are faced here with the question whether a landlord who knows that a tenant is outside the District and who has been unsuccessful in finding anyone else residing or in possession of the premises may, without more, resort to posting even though he has actual knowledge of the place where the defendant may be found outside the District, and where his inability to locate anyone

residing on the premises raises a good likelihood that the premises are in fact vacant and that posting and mailing notice thereof to that address will be ineffective in providing notice. We do not think the legislature intended that the statute be read in such a wooden manner as would authorize posting in such circumstances. Rather, in these circumstances, the concept of a diligent and conscientious effort that permeates the statute as a prerequisite to posting requires more.

*Id.* at 136.

Although the landlord seeks to distinguish the present case from *Monroe* upon the ground that the Shakespeare Theatre lacked "actual knowledge of the place where [Ms. Edelhoff] may be found," this is a distinction without a difference. The landlord could have contacted, or at least attempted to contact, the tenant at the telephone number that she had provided. Given the constitutional and other problems raised by service by posting where the tenant is away from home, *Monroe,* 562 A.2d at 137, and given the landlord's apparent ability to reach Ms. Edelhoff by telephone, we conclude that service in this case was inadequate as a matter of law.[3]

█ At least in some circumstances, when a defendant moves to set aside a default judgment, he or she is required to present a *prima facie* adequate defense; this is, at least, one of the factors to be considered. *Jones v. Hunt,* 298 A.2d 220, 222 (D.C.1972). However, "[a] default judgment entered in the absence of effective service of process is void, even though the defendant has actual notice of the action." *Miranda v. Contreras,* 754 A.2d 277, 281 (D.C.2000) (quoting *McLaughlin v. Fid. Sec. Life Ins.,* 667 A.2d 105, 107 (D.C.1995)). "Where, as in this case, the judgment is void, the movant need show no meritorious claim or other equities on his behalf; [s]he is entitled to have the judgment treated for what it is, a legal nullity." *Jones v. Hersh,* 845 A.2d 541, 545 (D.C. 2004) (quoting *Combs v. Nick Garin Trucking,* 263 U.S.App. D.C. 300, 304–05, 825 F.2d 437, 441–42 (1987)). Thus, we need not inquire whether Ms. Edelhoff has a *prima facie* meritorious defense.

### III.

For the foregoing reasons, the judgment is reversed, and the case is remanded to the trial court with directions to dismiss the complaint for lack of valid service of process.

*So ordered.*

---

3. The landlord also cites *Pelkey v. Endowment for Cmty. Leadership,* 841 A.2d 757, 759 n. 2 (D.C.2004), for the proposition that the landlord's lack of "actual knowledge of the place (i.e., the 'exact address')" where the tenant could be found relieved it of a duty to attempt to contact her before posting. In *Pelkey,* however, there was no indication that the tenant's telephone number was available to the landlord, or that there was some alternative way in which the landlord could have found the tenant and provided actual notice. This critical difference makes the quoted language from *Pelkey* inapposite here, for "significance is given to broad and general statements of law only by comparing the facts from which they arise with those facts to which they supposedly apply." *Kraft v. Kraft,* 155 A.2d 910, 913 (D.C.1959). We do not read *Pelkey* as supporting the proposition that, where the tenant evidently can be readily reached by telephone, the landlord may simply ignore this means of contact and serve the tenant by posting, knowing that the tenant probably will not promptly see the posted notice or receive the copy of it sent by mail.