*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-CV-1142

SOUTHERN HILLS LIMITED PARTNERSHIP, APPELLANT,

V.

CHARLES ANDERSON, APPELLEE.

02/22/2018

FILED
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

Appeal from the Superior Court of the
District of Columbia
(LTB-33698-11)

(Hon. Erik P. Christian, Trial Judge)

(Argued November 3, 2016                          Decided February 22, 2018)

*Timothy P. Cole* for appellant.

*Bernard A. Gray, Sr.*, for appellee.

*Laurie Ball Cooper*, *Julie H. Becker* and *Jonathan H. Levy*, Legal Aid Society of the District of Columbia, filed a brief as *amicus curiae* in support of appellee.

Before GLICKMAN, *Associate Judge*, and WASHINGTON,[1] and NEBEKER, *Senior Judges*.

WASHINGTON, *Senior Judge*:    Following the arrest of appellee Charles

_____

[1]   Judge Washington was Chief Judge at the time of argument.  His status changed to Senior Judge on March 20, 2017.

Anderson ("Anderson") for criminal behavior, Southern Hills Limited Partnership ("Southern Hills") attempted to personally serve him on two occasions with a Notice to Quit summons and a Verified Complaint for Possession of Real Property at the residence from which Anderson was being evicted. After Anderson failed to respond to the door on the second occasion, Southern Hills posted the notice on his door. Anderson failed to appear for the scheduled hearing and a default judgment was entered against him. Upon further review of that decision by an Associate Judge of the Superior Court, the default judgment was vacated and the case was dismissed because Southern Hills failed to properly serve Anderson with the notice of the eviction proceeding. On appeal, Southern Hills contends the trial court erred in dismissing its case for ineffective service of process because it had complied with the statute by attempting personal service twice at Anderson's residence prior to posting. For the reasons stated below, we affirm.

## I.

Southern Hills owns and operates a federally subsidized multi-family property located at 4339 4th Street, S.E., Washington, D.C. 20032 ("the Property"). Anderson occupied an apartment ("the Premises") within the Property pursuant to a written lease with Southern Hills. On September 17, 2011, Anderson

was arrested for a violent assault, selling drugs, and operating a brothel out of his apartment. The circumstances surrounding Anderson's arrest violated the terms of his lease with Southern Hills,[2] and Anderson was asked to vacate the premises before November 10, 2011. However, Anderson testified that when he arrived at the housing complex in November of 2011, a security guard[3] stationed at the Property showed him a notice[4] that forbade him from being on the Property, effective immediately.

On December 6, 2011, Southern Hills filed a complaint for possession and attempted to personally serve Anderson with a copy of the complaint at his apartment on December 13, 2011 and December 15, 2011. When Southern Hills was unsuccessful the second time to personally serve Anderson at his apartment, Southern Hills immediately posted the summons and complaint on Anderson's

---

[2] Not at issue are the circumstances which gave rise to Anderson's eviction. In summary, Anderson violated a clause in his lease which prohibited residents from engaging in criminal activity.

[3] The security guard stationed at Southern Hills was an off duty Metropolitan Police Department ("MPD") officer.

[4] Anderson contends he was shown the bar notice in November of 2011 by an MPD officer working at Southern Hills. Southern Hills formally issued a physical copy of the barring notice on August 6, 2012. Southern Hills confirmed that, consistent with their bar notice policy, "Anderson was likely given a verbal notice of the barring notice" before its actual issuance on August 6, 2012.

front door and mailed a copy to him at that same address. No other attempt was made to locate and serve Anderson with the summons and complaint even though Southern Hills was aware of Anderson's September 17 arrest on evictable charges and despite the fact that Southern Hills had issued a barring notice against him on November 10, 2011.[5]

On December 28, 2011, a hearing was held regarding Southern Hills' lawsuit for possession and, upon Anderson's failure to appear, a non-redeemable judgment by default was entered in favor of Southern Hills. On May 4, 2012, Anderson filed a motion to set aside the default on grounds that the court lacked jurisdiction due to improper service of process, and the motion was granted. Southern Hills appealed to this court, and we remanded for "factual findings and conclusions of law pertaining to the decision to grant the motion to set aside the default judgment." The lower court then submitted an Order on September 21, 2015, vacating the judgment for possession entered against Anderson. Southern Hills timely filed this appeal.

---

[5] Anderson was subsequently released following his September 17 arrest but the record is unclear as to the date of his release.

## II.

"Whether the method of service [ ] comports with the applicable rule [ ] is a question of law, which we review *de novo*." *In re N.N.N.*, 985 A.2d 1113, 1118 (D.C. 2009). *See, e.g.*, *Jones v. Hersh*, 845 A.2d 541, 544 (D.C. 2004). The appellant bears the burden of "convincing the appellate court that the trial court erred." *Harvey v. United States*, 385 A.2d 36, 37 (D.C. 1978).

## III.

Rule 4 of the D.C. Superior Court Rules of Procedure for the Landlord and Tenant Branch requires service in compliance with D.C. Code § 16-1502 (2012 Repl.). The statute reads in relevant part:

> If the defendant has left the District of Columbia, *or cannot be found*, the summons may be served by delivering a copy thereof to the tenant, or by leaving a copy with some person above the age of sixteen years residing on or in possession of the premises sought to be recovered, and if no one is in actual possession of the premises, or residing thereon, by posting a copy of the summons on the premises where it may be conveniently read.

D.C. Code § 16-1502 (emphasis added).

On at least one prior occasion, this court has been called upon to interpret the service requirements of D.C. Code § 16-1502. In *Frank Emmet Real Estate, Inc. v. Monroe* ("*Monroe*"), this court made clear that, in order to prove that a tenant "*cannot be found*," the landlord must make a "'diligent and conscientious effort' . . . to either find the defendant to effect personal service or to leave a copy of the summons with a person 'residing on or in possession of the premises.'" 562 A.2d 134, 136 (D.C. 1989) (quoting *Westmoreland v. Weaver Bros.*, 295 A.2d 506, 509 n.12 (D.C. 1972)) (emphasis added). Consistent with that obligation in this regard, we have also stated that "posting is the least favored form of service and [should be] used only where attempts at personal or substituted service have failed." *Parker v. Frank Emmet Real Estate*, 451 A.2d 62, 64 (D.C. 1982). Southern Hills argues it met its legal obligation of making a "diligent and conscientious" effort to serve Anderson by twice attempting, on two different days, personal service on Anderson. Conversely, Anderson argues that the severity of his crimes was enough to put Southern Hills on notice that he likely could not be found at his residence and, that after Southern Hills issued a barring notice against him, Southern Hills knew that attempts to serve him at his home would be unsuccessful. Thus, the service of process by posting was invalid because Southern Hills failed to make a diligent and conscientious effort to find him before resorting to a posting of the notice.

Therefore, we are called upon to determine whether Southern Hills' efforts to personally serve Anderson with a summons and complaint by knocking on the door of his apartment on two consecutive days was sufficiently diligent and conscientious under the facts here to allow for the posting of the notice on Anderson's door because "he could not be found." In order to determine whether Southern Hills has met this burden, the court must consider what information was available to the company at the time personal service was attempted at the residence. For example, in *Edelhoff v. Shakespeare Theater at the Folger Library, Inc.*, even though the tenant had been a resident of the apartment for twenty-five years, the landlord was well aware that she spent a substantial amount of her time traveling abroad. 884 A.2d 643, 644-45 (D.C. 2005). After her rent checks were returned for insufficient funds, the landlord issued a thirty-day "Notice to Correct or Vacate" by posting and mailing a copy to her residence. *Id.* at 646. Ultimately, this court, quoting heavily from its opinion in *Monroe*, held that service by posting and mailing under Rule 4 was ineffective because the landlord had reason to know the tenant would not be put on notice of the proceeding against her because she was traveling abroad. *See id.* at 646; *Monroe*, 562 A2d at 137.

Southern Hills contends the present situation is distinguishable from the

facts in *Edelhoff* because the tenant had informed the landlord that she would be overseas and had provided the landlord with a way of contacting her if the need arose. 884 A.2d at 644. Southern Hills argues that, unlike in *Edelhoff*, it *lacked* actual knowledge of the tenant's whereabouts and, therefore, was under no obligation to do more than attempt personal service twice at the tenant's home before posting. However, the distinction on which appellant relies is not supported by a fair reading of our opinion in that case. In *Edelhoff* we held that the posting and mailing of a notice to the tenant's unit, after two failed attempts to personally serve her at that same residence, was inadequate because the landlord failed to make a diligent and conscientious effort to contact the tenant in light of the information that was readily available to them. *Id.* at 646. More specifically, we held that the lack of an exact address for the tenant did not mean the tenant could not be found, and that the landlord should have, at a minimum, attempted to contact the tenant with the overseas telephone number she had previously provided. *Id*.

While Anderson did not provide Southern Hills with a forwarding address, or even a phone number, Southern Hills, much like the landlord in *Edelhoff*, was well aware of information which, had it been pursued, might have resulted in Anderson being contacted, and ultimately personally served, with the documents

that would have made him aware of the eviction proceedings against him. In this case, Southern Hills knew that Anderson had been arrested for a serious crime.

Similar to the situation in *Edelhoff*, where the only information available to the landlord was a phone number, Southern Hills' lack of any actual knowledge of Anderson's whereabouts did not preclude them from making a diligent effort to locate Anderson based on the information that was known to them. Our prior cases demonstrate that "diligent and conscientious" efforts to locate the tenant depend significantly on the particular circumstances of the case, with the touchstone of the inquiry being reasonableness. Where the landlord has reason to believe service will be ineffective, the landlord must use reasonable efforts to locate the tenant prior to posting. Such efforts need not result in personal service, but our court has long recognized the burden on landlords to make diligent and conscientious efforts to serve prior to posting. Diligence and conscientiousness can be shown where a landlord demonstrates any efforts that may accomplish personal service by using readily available information. *See Edelhoff*, 884 A.2d at 646. After careful review of the record, and considering the aforementioned case law, we are satisfied that the service of process was ineffective because Southern Hills did not sustain its burden of showing that it engaged in sufficiently "diligent and conscientious" efforts to effect personal service on Anderson prior to posting.

Unquestionably, Southern Hills was aware that Anderson had an ongoing criminal case pending in the District of Columbia Courts. Had Southern Hills contacted the courts or accessed the public docket, it is likely they would have been able to find the name of Anderson's criminal defense lawyer or, at a minimum, would have been able to ascertain the date of Anderson's next scheduled court appointment where arrangements could have been made to have the papers served on the tenant or on another person who is qualified to accept personal service under the statute. In addition to checking on Anderson's incarceration or release status through the public case docket, Southern Hills could have also obtained information about Anderson's possible location through the Department of Corrections. *See* D.C. DEPARTMENT OF CORRECTIONS – LOCATE AN INMATE, http://doc.dc.gov/page/locate-inmate (last visited January 22, 2018). As importantly, if Southern Hills had made such an effort based on the information that was readily available to them and were unable to find Anderson, a strong argument could be made that Southern Hills had made a diligent and conscientious effort to locate him based on readily available information and he "could not be found," a finding required by the statute before a landlord can resort to posting.

Moreover, on balance, this requirement is not an unreasonable one given the

interests at stake. The cornerstone of Constitutional due process is the requirement of adequate notice and an opportunity to be heard. Here, it is not too much to ask that a landlord seeking to evict a tenant from their home, an occurrence that could have devastating collateral impacts on the tenant and their family, be required to present evidence that it made the appropriate effort to locate the tenant and personally serve him or her prior to the court exercising its authority to issue a default in favor of the landlord.

Under circumstances where there is no information readily available or accessible, we do not suggest there is an obligation to undertake a personal investigation to serve tenants prior to posting. Rather, when there is information in a landlord's possession that could lead, with reasonable efforts, to finding the tenant, then the concept of a diligent and conscientious effort obligates the landlord to pursue those leads. Furthermore, the landlord's diligent and conscientious effort must be commensurate with due process. *See generally Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.").

The record in this case does not demonstrate that Southern Hills was desirous of actually informing Anderson of the proceedings. In fact, their actions were quite to the contrary: Southern Hills issued a barring notice that ensured that Anderson would not return to his apartment, a step that completely and directly frustrated the minimal efforts that were made to serve Anderson with notice. While the circumstances that led to Anderson's arrest may have justified his being barred from the premises, the fact that such steps were taken puts an even greater burden on the landlord to make diligent and conscientious efforts to personally serve the tenant or someone else capable of accepting personal service of process for the tenant before resorting to posting, even assuming that posting is still an acceptable method of service under those circumstances. *See Jones*, 845 A.2d at 547 ("Posting is a disfavored method of providing notice because it is less reliable . . . than other appropriate methods," and doing so "raise[s] serious due process concerns.").

Because we agree with the trial court that Southern Hills failed to diligently and conscientiously attempt to locate Anderson, the trial court's finding that Southern Hills failed to demonstrate that Anderson could not be found was supported by the record. Thus, the trial court did not err in finding that service by posting was ineffective and dismissing Southern Hills' case.

**IV.**

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

*So ordered.*