**In re Barry K. DOWNEY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 416968).**

**No. 08–BG–1160.**

District of Columbia Court of Appeals.

Dec. 4, 2008.

Aron U. Raskas and Andrew Jay Graham, Baltimore, MD, were on the motion to stay.

Wallace E. Shipp, Jr., Bar Counsel and William R. Ross, Assistant Bar Counsel, were on the opposition to the motion to stay.

Before BLACKBURNE–RIGSBY, Associate Judge, FARRELL, Associate Judge, Retired, and PRYOR, Senior Judge.

---

PER CURIAM:

Respondent Barry K. Downey was admitted to the bar of this court in 1989. He is a principal in the firm of Smith and Downey, focuses his practice on employee benefits law, has provided *pro bono* services throughout his legal career, and is active in his church and its charitable endeavors. Mr. Downey has not been the subject of disciplinary proceedings in this or any other jurisdiction before this case. However, on July 21, 2008, he pleaded guilty to engaging in the business of money transmission without a license, a felony, in violation of D.C. Code § 26–1002 (2001)

The Statement of Offense filed in the U.S. District Court for the District of Columbia, to which respondent has stipulated as part of his plea, demonstrates that he is the co-founder and a director of a company called e-gold, Ltd., and is the Secretary, Vice–President, and Director of another company, Gold & Silver Reserve, Inc. The former is an alternative payment system operated over the internet, and the latter is the parent company of e-gold. Respondent was not actively involved in the day-to-day operation of the money transmission businesses because he lives in Maryland and they operate primarily in Florida; but he did participate in developing the business model for the companies, including assuring that they complied with federal and state law. Because his expertise is in employee benefits, he consulted another attorney in this regard, who confirmed his belief that the companies did not have to be licensed as money transmission businesses. The United States government, however, disagreed and charged him as indicated above.[1]

Respondent accepted the government's plea offer, acknowledging that his legal advice regarding compliance had been incorrect and that the businesses had been operating without the required licenses. He promptly reported his guilty plea to the Office of Bar Counsel, and he and his business partners have taken steps to see that the companies are properly licensed and monitored, and have ceased operating them in the meantime.

■ On September 17, 2008, Bar Counsel notified this court of respondent's guilty plea to a "serious crime," as defined by D.C. Bar R. XI, § 10(b). Normally, this court would have temporarily suspended respondent, but before such an order was issued he filed a motion to stay that action. Bar Counsel has filed an opposition.

This court's rules provide that upon the filing of a certified copy of a docket entry or record demonstrating that a member of its bar has pleaded guilty to a "serious crime," which includes any felony, the member will be immediately suspended from the practice of law pending final disposition of the disciplinary proceeding. D.C. Bar R. XI, § 10(b), (c). However, for "good cause shown," the court may "set aside such order ... when it appears in the interests of justice to do so." *Id.* § 10(c). In another context, we have said that "good cause is to be determined 'in light of the circumstances of each case[ ].' "[2] That principle should apply in this context as well. But, because we have not had occasion to discuss before the considerations that guide application of Rule 10(c)'s set-aside provision, we do so briefly here. We grant the motion for a stay.

---

1. While there is no allegation of any such impropriety by either of the companies or respondent, businesses of this type are of concern to the government because of their money laundering potential.

2. *Restaurant Equip. & Supply Depot, Inc. v. Gutierrez,* 852 A.2d 951, 956 (D.C.2004) (citation omitted).

■ "The temporary suspension of an attorney pending the completion of disciplinary proceedings has the same effect as a preliminary injunction barring the attorney from the practice of law." *In re Malvin,* 466 A.2d 1220, 1223 (D.C.1983) (discussing then D.C. Bar R. XI, § 3(3), which allowed temporary suspension where an attorney "appear[ed] to be causing great public harm by misappropriating funds to his own use, or by other means"). Because respondent has been convicted of a "serious crime," Rule XI, § 10(c) requires *him* to show "good cause" why the suspension order that would otherwise issue as a matter of course should be stayed or "set aside." Respondent's contrary suggestion that, as in *Malvin,* the burden here is on Bar Counsel to justify his interim suspension is contrary to § 10(c)'s language and ignores his conviction for a serious crime. The respondent in *Malvin* had not been so convicted when Bar Counsel sought his emergency suspension. That difference in situations explains the differing assignment of burden of proof in the two cases.

Nevertheless, the concrete factors we considered in *Malvin* may properly be taken into account in deciding whether respondent has shown good cause to stay the suspension which § 10(c) would otherwise require. Specifically, we must ask (1) whether allowing him to continue to practice poses an undue risk of harm to the public; (2) whether there is a substantial likelihood, based on the available evidence, that the disciplinary proceeding will result in imposition of a "significant sanction"; (3) whether "the balance of injuries" favors stay of the suspension; and (4), related to all these, whether "a suspension is in the public interest." *See* 466 A.2d at 1223.

Applying these considerations, we conclude that respondent has shown good cause for the court to stay the interim suspension. His prior unblemished record

as an attorney; his plea of guilty to what amounts to a strict liability offense involving no *scienter* or moral turpitude; and the fact that his violation arose from conduct outside of his normal legal practice all suggest a very low degree of risk that permitting him to practice in the interim will harm the public. For the same reasons, but subject of course to development of a factual record in the disciplinary process, we think that the likelihood that respondent will receive a significant sanction, *i.e.,* a suspension (if at all) of more than brief duration, is very small. Stated differently, there is a reasonable possibility on this record that interim suspension might exceed the sanction that will eventually be imposed on respondent. Considering, finally, the harm to respondent's livelihood and ability to support his family that interim suspension may entail, we conclude that respondent has met his burden to show good cause for why the court should stay its hand.

Accordingly, we grant respondent's motion to stay the suspension that § 10(c) would otherwise require, without prejudice to Bar Counsel's moving to vacate the stay after the Board on Professional Responsibility's report and recommendation has been filed.

*So ordered.*